**BUCHALTER**
J. Rick Taché (CA Bar No. 195100)
(rtache@buchalter.com)
Joanne N. Davies (CA Bar No. 204100)
(jdavies@buchalter.com)
Benjamin C. Deming (CA Bar No. 233687)
(bdeming@buchalter.com)
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 760-1121
Facsimile:  (949) 720-0182

Attorneys for Plaintiff and Counterclaim Defendant
WAVE NEUROSCIENCE, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAVE NEUROSCIENCE, INC., a Delaware corporation,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    vs.<br><br>PEAKLOGIC, INC., a Delaware corporation; and KEVIN T. MURPHY, M.D., a Professional Corporation, doing business as MINDSET<br><br>    Defendants/Counterclaim Plaintiffs. | Case No.  3:21-cv-01330-CAB-AGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OF PLAINTIFF'S CLAIM CONSTRUCTION BRIEF OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF DEFENDANTS' RESPONSIVE CLAIM CONSTRUCTION BRIEF** |

## I. INTRODUCTION

Defendants failed to address the claim term "*improves*" in their opening claim construction brief (Dkt. 53), despite that term being identified by both sides as a disputed claim term that that should be construed. Defendants have therefore waived those arguments, and their insertion of new argument into their responsive claim construction brief (Dkt. 62) is improper. By presenting their arguments only in the responsive brief, Defendants have unfairly deprived Plaintiff of a chance to respond to the arguments.

The law is clear that a "Court will not consider new arguments or constructions raised for the first time in a party's reply brief." *Allergan Inc. v. Cayman Chem. Co.*, 2010 WL 11470342, at *5 (C.D. Cal. Jan. 12, 2010); see also Trimble Navigation Ltd. v. RHS, Inc., No. C 03-1604PJH, 2007 WL 1557469, at *14, fn 3 (N.D. Cal. May 29, 2007) (Granting motion to exclude new arguments because "plaintiff's introduction of new arguments and terms on reply, without the filing of a jointly revised claim construction statement, is improper."); *Intertrust Techs. Corp. v. Microsoft Corp.*, 275 F. Supp. 2d 1031, 1049 (N.D. Cal. 2003), *as amended* (July 7, 2003) (adopting Plaintiff's constructions and declining to hear oral argument regarding claim terms that Defendants chose not to address in briefing.) Because the arguments were not properly presented, the Court should allow Plaintiff to file a short sur-reply, or alternatively, the Court should strike Defendants' arguments relating to the claim term "*improves*."

Although Defendants' Responsive Claim Construction Brief is not titled a "reply" brief, the function and result is the same in that Defendants intentionally withheld argument on a position that they knew about and were obligated to address in their opening brief, thereby depriving Plaintiff of a chance to address the argument. *See United States v. Boyce*, 148 F.Supp.2d 1069, 1085 (S.D.Cal.2001) (Court has the discretion to disregard the arguments not presented in moving papers.); *United States v. Boggi,* 74 F.3d 470, 478 (3d.Cir.1996) (noting that considering arguments raised

for first time in reply brief deprives opposing party of adequate opportunity to respond); *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir.2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

## II. RELIEF REQUESTED

Plaintiff asks that this court enforce the patent local rules and precedent that forbids the presentation of new arguments that were not presented in the parties' opening brief. Plaintiff therefore asks for relief in the form of allowing Plaintiff to file a five page reply brief, to be filed within a reasonable time, addressing the arguments relating to the claim term "*improves*" that were first raised in Section II.B. of Defendants' Responsive Claim Construction Brief (Dkt. 62.)

Alternatively, if the Court is not inclined to grant additional briefing, Plaintiff asks that the Court strike the entirety of section II.B. of Defendants' Responsive Claim Construction Brief (Dkt. 62).

## III. DEFENDANTS WAIVED THEIR ARGUMENTS BY FAILING TO PRESENT THEM WITH THEIR OPENING BRIEF

It is not the case that Defendants could only raise their arguments regarding "*improves*" at the responsive brief stage, or that they are merely responding to Plaintiff's arguments. The Court's Patent Local Rules require both sides to engage in extensive preliminary exchanges and conference in which the parties identify the 10 terms to be presented for construction, along with their proposed constructions, and evidence in support of their positions.[1] The parties did engage in those preliminary exchanges, which resulted in the parties filing a Joint Hearing Statement[2]

---

[1] The parties exchanged preliminary and responsive claim constructions, joint hearing statements (original and supplemental), joint claim construction charts, joint claim construction worksheets, and have held numerous phone calls and exchanged numerous emails to narrow down the list of disputed claim terms. From the very first exchange to the last, Defendants themselves proposed that the claim term "improves" be construed as a disputed claim term. (Deming Decl., ¶ 3, Ex. 1.)

[2] See Dkt. 51 (Supplemental Joint Hearing Statement) at p. 2 and fn. 1, identifying "improves" as a term jointly proposed by both parties. ("The non-marked items are jointly-identified by the parties.")

in which both sides asked that the Court construe the term "*improves*," both sides presented proposed constructions. Patent Local Rule 4.4(a) then requires **both sides** to file simultaneous opening briefs supporting their proposed constructions for the disputed claim terms.

Having proposed that "*improves*" is a disputed claim term that must be addressed at claim construction, Defendants are obliged to make their arguments about that position in their opening brief, rather than reserving all arguments regarding the term for their responsive brief when Plaintiff has no chance to respond to the arguments.

Defendants were plainly aware of Wave's proposed construction, as well as the legal issues regarding "*improves*," including whether the construction has an effect on validity of the claims, prior to filing their Opening Claim Construction Brief. It was Defendants who put those arguments at issue in their preliminary exchanges and filings prior to briefing. Plaintiff specifically identified "*improves*" as a term for construction and took a position as to that term in the Joint Hearing Statement and Joint Claim Construction Charts. (See Dkt. 51 at pp. 2, 49, 99.) Defendants knew they were required to address their construction of "*improves*" in their Opening Claim Construction Brief, but they deliberately chose not to address it. Demonstrating that Defendants knew this, their Opening Claim Construction Brief directly addressed several other terms that Defendants argued were indefinite. (Dkt. No. 53 at 9, 10, 14-16, e.g.) But with respect to "*improves*," Defendants' opening brief was silent.

Defendants appear to believe that because Wave addressed all 10 claim terms within the Court's page limitations Defendants should now be permitted to present arguments they intentionally excluded from their opening brief. But the Court adopted local rules setting forth a unique briefing schedule that does not follow the typical motion-opposition-reply framework found at other stages of litigation. Instead, the patent local rules require simultaneous exchange of briefs on all disputed

claim terms, presumably to avoid a situation like this, where one side refuses to show its hand until it is too late for the other side to address those arguments. The Court should not reward Defendants' tactics by allowing them to present new arguments about "*improves*" at the responsive brief stage when they have already waived those arguments by keeping them out of their opening brief.

## IV. CONCLUSION

Defendants intentionally waived their arguments regarding "*improves*" by choosing not to provide any argument on that term in their opening brief. The term was unquestionably at issue, and Defendants were required by rule to provide their arguments in their opening briefs, just as Plaintiff was required.

Plaintiff therefore requests an order granting leave for Plaintiff to file a sur-reply addressing the term "*improves*," or alternatively for an order striking Section II.B of Defendants' Responsive Claim Construction Brief (Dkt. 62).

DATED: October 19, 2022

BUCHALTER
A Professional Corporation

By: /s/ Benjamin C. Deming
J. Rick Taché
Joanne N. Davies
Benjamin C. Deming
*Attorneys for Plaintiff and Counterclaim Defendant*
WAVE NEUROSCIENCE, INC.