1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

WAVE NEUROSCIENCE, INC.,
a Delaware corporation,

11

Case No.  3:21-cv-01330-CAB-AGS

12

Plaintiff,

**SECOND AMENDED
PROTECTIVE ORDER**

13

v.

14

PEAKLOGIC, INC., a Delaware
corporation; and Kevin T. Murphy, M.D.,
a Professional Corporation, doing
business as Mindset,

15
16
17

Defendants.

18
19
20
21
22
23
24
25
26
27
28

1

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by parties.  Plaintiff Wave Neuroscience, Inc. ("Wave") and Defendants' PeakLogic, Inc. ("PeakLogic") and Kevin T. Murphy, M.D., a Professional Corporation, dba Mindset ("Mindset") (collectively "Defendants"), have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1.     The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including abstracts, data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs. Confidential Information shall relate, among other things, to confidential technical, business, sales, marketing, financial or other commercially sensitive information.

2.     The term "materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; technical materials; patent applications; patents; patent file histories; product lists; product guides; user manuals; product manuals; operation manuals; customer lists or other material that identify customers or potential customers; price lists or schedules or

other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; and models and prototypes and other physical objects.

3.     The term "counsel" will mean the parties' outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms Buchalter, APC for Plaintiff, and Blazer Legal and Ditthavong, Steiner, & Mlotkowski for Defendants.

4.     The term "outside vendors" will mean vendors retained by a party or counsel, including messenger, copy, coding, and other clerical services, including document processing and conversion, archiving and database services, electronic document processing firms and personnel, translators or interpreters, and related vendors not employed by the party or counsel.

## GENERAL RULES

5.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL," "CONFIDENTIAL—FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—PATENT BAR."

a.     Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

2

b.      Designation as "CONFIDENTIAL—FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL—FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential information or research, pending trademark or patent applications, research and development or other highly-sensitive technical information, or highly-sensitive business-related, financial or other commercial information.

c.      Designation as "HIGHLY CONFIDENTIAL—PATENT BAR": Any party may designate information as "HIGHLY CONFIDENTIAL—PATENT BAR" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, and contains trade secrets embodied in an algorithm or in unique protocols for prescribing the initial and subsequent parameters for the variables involved in treating patients using transcranial magnetic stimulation.

6.      Designation of materials as "CONFIDENTIAL," "CONFIDENTIAL—FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—PATENT BAR" shall be made by marking each page of the materials containing the Confidential Information (except deposition and hearing transcripts). For deposition and hearing transcripts, the reporter upon request of a party on the record shall mark the designation on the cover page of the document.  The transcript or portions of the transcript must be designated as containing Confidential Information subject to the provisions of this Order; such designation of deposition transcripts must be made on the record whenever possible, but a party may designate a deposition or portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the final deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or

3

"CONFIDENTIAL—FOR COUNSEL ONLY" or whether such designation applies to the entire transcript.  After such notice of designation occurs, only those portions of the transcript shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY" unless the entire transcript has been so designated.

7.    All materials that cannot be produced in documentary, tangible or physical form, shall be designated by the producing party by informing the receiving party of the designation in writing at or before the time the materials are provided to the receiving party.

8.    In the event the producing party elects to produce materials for inspection, including, but not limited to the accused products, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL—FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

9.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.    the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 11 below; and

b.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," "CONFIDENTIAL—FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—PATENT

BAR," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.  This provision shall not, however, prohibit quoting of deposition transcripts or portions thereof that do not include Confidential Information subject to the provisions of this Order or require sealing of such portions.

10.   All Confidential Information designated as "CONFIDENTIAL," "CONFIDENTIAL—FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—PATENT BAR" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

11.   Information designated "CONFIDENTIAL—FOR COUNSEL ONLY" may only be viewed by counsel (as defined in Paragraph 3) of the receiving party, outside vendors (as defined in Paragraph 4) who have executed a copy of the form attached hereto in Exhibit A, and independent experts or consultants under the conditions set forth in this Paragraph. An independent expert or consultant may not be a current officer, director, or employee of a party, nor anticipated at the time of retention to become an officer, director, or employee of a party. The right of any independent expert or consultant to receive any Confidential Information will be subject to the advance approval of such expert or consultant by the producing party or by permission of the Court. The party seeking approval of an independent expert or consultant must provide the producing party with the following information for each independent expert or consultant in advance of providing any Confidential Information of the producing party to the expert: (i) name; (ii) address; (iii) current curriculum vitae; (iv) current employer;

(v) employment history for the past five years; (vi) a listing of cases in which the expert or consultant has testified as an expert at trial or by deposition within the preceding five years; (vii) identification of any patents or patent applications in which the expert or consultant is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest[1]; and (viii) an executed copy of the form attached hereto as Exhibit A. Any objection by the producing party to an independent expert or consultant receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert or consultant. Confidential Information may be disclosed to an independent expert or consultant if the fourteen (14) day period has passed and no objection has been made. The approval of an independent expert or consultant must not be unreasonably withheld.  The party seeking approval of an independent expert or consultant to whom the producing party has objected may move the Court for permission to disclose Confidential Information to an independent expert or consultant on the ground that approval has been unreasonably withheld.

12.    Information designated "CONFIDENTIAL" may only be viewed by counsel (as defined in Paragraph 3) of the receiving party, outside vendors (as defined in Paragraph 4) who have executed a copy of the form attached hereto in Exhibit A, independent experts or consultants (pursuant to the terms of Paragraph 11), and the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a.    Up to two officers, directors or executives who are required to participate in policy decisions with reference to this action;

---

[1] To the extent an independent expert or consultant believes that any of this information is subject to a confidentiality obligation to a third party, that independent expert or consultant shall provide whatever information can be disclosed without violating any confidential agreements and take reasonable steps to seek permission to disclose the remaining information.

b.      Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

c.      Stenographic and clerical employees associated with the individuals identified above.

13.    With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

14.    All information which has been designated as "CONFIDENTIAL," "CONFIDENTIAL—FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL— PATENT BAR" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts or consultants authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

15.    If a party files with the Court for any purpose any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information, the party seeking to file such material contemporaneously must seek permission of the Court to file the material under seal.  No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it.  A sealing order may issue only upon a showing that the information is privileged or protectable under the law.  The request must be narrowly tailored to seek sealing only of the confidential or privileged material.  To file a document under seal, the parties must comply with the procedures explained in Section II.j of the Electronic

Case Filing Administrative Policies and Procedures Manual for the United States District Court for the southern District of California and Civil Local Rule 79.2.

16.     At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

17.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. No person receiving Confidential Information under this Order shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in this Order. Any other use is prohibited except by consent of the producing party or by order of the Court. Prohibited purposes include, but are not limited to, use for competition purposes or the prosecution of additional intellectual property rights.

18.     Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19.     Absent the written consent of the producing party, any attorney, patent agent, expert, or consultant for or representing a party to this litigation and who accesses the producing party's "HIGHLY CONFIDENTIAL—PATENT BAR" information shall not prosecute any patent application(s) directed to the subject matter disclosed in the patents-in-suit, including without limitation the drafting, amending or supervision of the drafting or amending of patent claims, relating to or involving such subject matter before any foreign or domestic agency, including the United States Patent and Trademark Office.  The restrictions contained within this Paragraph 19 shall begin when access to "HIGHLY CONFIDENTIAL—PATENT BAR" information is first received by the subject person from the disclosing party and shall end two (2) years after final termination or other disposition of this litigation.

20.     INTENTIONALLY OMITTED.

21.     Nothing herein shall prevent or be construed as preventing any attorney, patent agent, expert, consultant, paralegal, or clerical support staff for or representing Plaintiff or Defendants who accesses Confidential Information from (i) defending or challenging the validity of existing claims of the patents-in-suit or any related patent in any district court action, or appeal arising therefrom, or (ii) assisting and/or representing Plaintiff or Defendants in a reexamination, *inter partes* review proceeding, or post grant review proceeding, challenging or defending the validity of any claims of the patents-in-suit or any related patent.

22.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

23.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the materials produced are deemed Confidential Information,

and that the materials produced should be treated as such in accordance with that designation under this Order. The receiving party must treat these identified materials as confidential with the appropriate designation upon receipt of notification from the designating party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY."

24.     At this time, the parties do not anticipate the need for or disclosure of computer source code. In the event source code is requested, produced or generated in disclosures or responses to discovery in this matter, the parties shall negotiate in good faith the terms of a Supplemental Protective Order governing the production of source code. In the event the parties are unable to reach agreement on the terms of a Supplemental Protective Order, any party may move for entry of a proposed supplemental protective order. The producing party shall not be required to produce any source code until the Court has entered a Supplemental Protective Order.

25.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney or litigation work product.

26.     The parties hereto acknowledge that, while each party will endeavor to identify and withhold from production any document which that party believes is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently. The parties agree that a party who produces any privileged document without intending to waive the claim of privilege associated with such document may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, notify the other party that such document was inadvertently produced and

should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document and any copies thereof. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege and request an order of the court denying such privilege.

27.     Except as provided in Paragraphs 19-21, nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

28.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

29.     Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

30.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Confidential Information pursuant to the terms of this Order.

31.     Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential

11

Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

32.    The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree, or the Court rules, should not be designated as Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

33.    The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

34.    Transmission by facsimile or e-mail is acceptable for all notification purposes within this Order.

35.    This Order may be modified by agreement of the parties, subject to approval by the Court.

36.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Dated: October 21, 2022

_____
Hon. Andrew G. Schopler
United States Magistrate Judge

**SECOND AMENDED PROTECTIVE ORDER**                                    3:21-cv-01330-CAB-AGS

<u>EXHIBIT A</u>

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAVE NEUROSCIENCE, INC., a Delaware corporation, | Case No.  3:21-cv-01330-CAB-AGS |
| Plaintiff, | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| vs. | |
| PEAKLOGIC, INC., a Delaware corporation; and Kevin T. Murphy, M.D., a Professional Corporation, doing business as Mindset, | |
| Defendants. | |

I, _____, declare and say that:

1.     I am employed as

_____ by

_____.

2.     I have read the Protective Order entered in *Wave Neuroscience, Inc. v. PeakLogic, Inc., et al.*, Case No. 3:21-cv-01330, and have received a copy of the Protective Order.

3.     I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.     I promise that I will not disclose or discuss such "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons described in Paragraphs 3, 4, 11 and 12 of the Protective Order.

14

5.     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6.     I understand that any disclosure or use of "Confidential" or "Confidential - For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, _____ at _____, _____.

_____
_

---

**SECOND AMENDED PROTECTIVE ORDER**                                                    3:21-cv-01330-CAB-AGS