**CHARLES A. BLAZER, II** (CSBN 282,495)
cblazer@blazerlegal.com
5282 Gaylord Place
San Diego, CA 92117
Telephone: (757) 560-7298

**ALLEN M. SOKAL** (*pro hac vice*)
asokal@dcpatent.com
Ditthavong, Steiner, & Mlotkowski
201 N. Union Street, Suite 110
Alexandria, VA 22314
Telephone (202) 297-2479

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAVE NEUROSCIENCE, INC., a Delaware corporation<br><br>*Plaintiff*,<br><br>v.<br><br>PEAKLOGIC, INC., and KEVIN T. MURPHY, M.D., a Professional Corporation, doing business as MINDSET<br><br>*Defendants*. | CASE NO.: 3:21-cv-01330-CAB-AGS<br><br>**DEFENDANTS' UNOPPOSED MOTION TO FILE A CONFIDENTIAL SETTLEMENT AGREEMENT AND RELATED MOTION FOR SUMMARY JUDGMENT UNDER SEAL**<br><br>District Judge Cathy Ann Bencivengo |

TO THE COURT, PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that in the above-captioned matter Defendants PeakLogic, Inc. and Kevin T. Murphy, M.D., doing business as MindSet, hereby apply to the Court for an order granting Defendants leave to file under seal the following: (1) a Confidential Settlement Agreement (unredacted version attached as Exhibit A), and (2) an unredacted version of a planned Motion for Summary Judgment based on a breach of the Confidential Settlement Agreement.  Defendants also plan to provide a version the Motion Summary Judgement that redacts sections discussing the terms of the Confidential Settlement Agreement.  This redacted version will not be filed under seal.

Defendant Kevin T. Murphy and the Newport Brain Research Laboratory, Inc. (NBRL) entered into the Confidential Settlement Agreement in 2019 to resolve a 2018 Complaint brought by NBRL against Defendant Kevin T. Murphy and counterclaims brought by Defendant Kevin T. Murphy against NBRL in the United States District Court for the Central District of California (Case No. 8:18-cv-01625-JLS-JDE).  Defendants show in the Motion for Summary Judgment that Plaintiff is a successor in interest to NBRL and is therefore bound by the terms of the Confidential Settlement Agreement.  The Confidential Settlement Agreement prohibits disclosing the terms of the Confidential Settlement Agreement to any third party. (Unredacted Confidential Settlement Agreement, ¶ 17).  Therefore, good cause exists for the Court to grant leave to file the Confidential Settlement Agreement and the unredacted Motion for Summary Judgment under seal.  The public interest need for access to court proceedings is maintained by making the redacted version of the Motion for Summary Judgment available to the public.

This motion need not be heard on regular notice because Plaintiff has indicated that it does not oppose the motion.  (Blazer Decl., ¶ 2).

This motion is based on the attached unredacted Confidential Settlement Agreement and accompanying declaration of Charles Blazer, II.

|    |                          |                                                            |
|----|--------------------------|------------------------------------------------------------|
| 1  |                          | Respectfully submitted,                                    |
| 2  |                          |                                                            |
| 3  | Dated: January 10, 2023  | By:  */s/ Charles A. Blazer, II*                           |
| 4  |                          | Charles A. Blazer, II                                      |
|    |                          | Allen M. Sokal                                             |
| 5  |                          | *Attorneys for Defendants*,                                |
| 6  |                          | PeakLogic, Inc., and Kevin T. Murphy, M.D.                 |

# CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023, I caused a copy of the foregoing **DEFENDANTS' UNOPPOSED MOTION TO FILE A CONFIDENTIAL SETTLEMENT AGREEMENT AND RELATED MOTION FOR SUMMARY JUDGMENT UNDER SEAL** and any attachments thereto to be served *via* electronic mail to counsel for all parties and their counsel of record, who are deemed to have consented to electronic service using the Court's CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Dated: January 10, 2023     By:   */s/ Charles A. Blazer, II*
               Charles A. Blazer, II
               Allen M. Sokal
               *Attorneys for Defendants*,
               PeakLogic, Inc., and Kevin T. Murphy, M.D.