1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  Wave Neuroscience, Inc., a Delaware       Case No.:  21cv1330-CAB-AGS
    corporation,
12                                            **ORDER GRANTING IN PART AND**
            Plaintiff/Counterclaim Defendant, **DENYING IN PART MOTION FOR**
13                                            **LEAVE TO FILE UNDER SEAL**
    v.                                        **CONFIDENTIAL MATERIALS [Doc.**
14                                            **No. 119**
    Peaklogic, Inc., a Delaware corporation;
15  and Kevin T. Murphy, M.D., a
    Professional Corporation, doing business
16  as Mindset,

17          Defendants/Counterclaim Plaintiffs.

18

19

20       On July 3, 2023, Plaintiff Wave Neuroscience, Inc. filed a Motion for Leave to File

21  Under Seal Confidential Materials, relating to exhibits in support of a renewed Motion

22  for Summary Judgment.  [Doc. No. 119.]  On July 3, 2023, Defendants Peaklogic, Inc.

23  and Kevin T. Murphy, M.D. filed an opposition to Plaintiff's motion, indicating that they

24  oppose the sealing of Exhibit 9 only.  [Doc. No. 120.]

25                            **LEGAL STANDARD**

26       Although the Court acknowledges the parties' desire to maintain the confidentiality

27  of documents produced in discovery, "[w]hen discovery material is filed with the court []

28  its status changes." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1134 (9th Cir.

2003). The public policy reasons behind a presumption of access to judicial documents apply. *Id.* The common law and the Constitution afford the public a qualified right of access to judicial records and proceedings. *Times Mirror Co. v. U.S.,* 873. F.2d 1210, 1211 n.1 (9th Cir. 1989); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In the Ninth Circuit there is a strong presumption in favor of access to court records and a party must show compelling reasons to file materials under seal as part of a non-discovery motion, even if they were produced subject to a discovery protective order. *See Foltz*, 331 F.3d at 1135-36. Once the protected discovery documents are made part of a dispositive [or non-discovery] motion, "they lose their status of being raw fruits of discovery" and no longer enjoy protected status without some overriding interests in favor of keeping the material confidential. *See id.*, at 1136.

Court records should be sealed to keep confidential only what must be kept secret, temporarily or permanently, as the situation requires. The party seeking to file under seal must provide articulable facts showing a compelling reason to limit public access to court filings. That a litigant might be embarrassed or exposed to additional liability or litigation, without more, is not sufficient. *Foltz*, 331 F.3d at 1136. A court's decision to seal material must be based on a compelling reason and the order allowing a filing under seal must articulate the factual basis for its ruling without relying on hypothesis or conjecture. *Pintos*, 605 F.3d at 679. "A 'good cause' showing will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Id.* (citing *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006)).

## DISCUSSION

Plaintiff seeks to seal Exhibits 2, 6, 8, 9, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30. Defendants do not object to the sealing of Exhibits 2, 6, 8, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30, and the Court agrees that those documents may be sealed as they pertain to the purchase of NeoSync's patents and other assets. Accordingly, the

motion to seal Exhibits 2, 6, 8, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30, is **GRANTED**.

Defendants object to the sealing of Exhibit 9, which is an indemnification agreement between Wave and Yi Jin, because it contains no salary information, financial information or other confidential information. Defendants further argue that Exhibit 9 simply reflects Wave's June 17, 2019 agreement to indemnify Yi Jin because of his "Corporate Status" with Wave, and this rebuts assertions made publicly in this case by Wave and it's CEO that Yi Jin was never an officer or employee of Wave. [Doc. No. 120 at 2.]

The Court agrees that Exhibit 9 does not contain confidential information and may rebut some of Plaintiff's assertions. Accordingly, the motion to seal Exhibit 9 is **DENIED**.

**CONCLUSION**

For the reasons set forth above, the motion to seal Exhibits 2, 6, 8, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30, is **GRANTED**, and the motion to seal Exhibit 9 is **DENIED**.

**IT IS SO ORDERED.**

Dated:  July 7, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge