UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAVE NEUROSCIENCE, INC., <br><br>　　　Plaintiff/Counterclaim Defendant, <br><br>v. <br><br>PEAKLOGIC, INC., et al., <br><br>　　　Defendants/Counterclaim Plaintiffs. | Case No.: 21cv1330-CAB-SBC <br><br>**ORDER FOLLOWING INITIAL DISCOVERY DISPUTE CONFERENCE** |

On July 25, 2024, Plaintiff Wave Neuroscience, Inc. ("Plaintiff") and non-parties Nouvita Medical Management, LLC and Serene Health IPA Medical Corporation (collectively the "Subpoenaed Non-Parties") lodged a Joint Notice of Discovery Dispute ("Joint Notice") regarding a dispute arising from subpoenas issued pursuant to Rule 45 of the Federal Rule of Civil Procedure by Plaintiff to the Subpoenaed Non-Parties for the production of documents and deposition testimony. The Court held an on-the-record Initial Discovery Dispute Conference on August 9, 2024. (ECF No. 248.)

The Court hereby memorializes the order issued during the August 9, 2024 discovery conference.

///

///

## I.   BACKGROUND

This is the latest discovery dispute in this contentious matter in which numerous discovery disputes have necessitated court intervention. The discovery period has been extended on multiple occasions and the parties have engaged in extensive document production. Plaintiff presently seeks additional documents, as well as depositions, from non-parties.

On July 9 and 10, 2024,[1] Plaintiff served subpoenas commanding the production of documents and deposition testimony from the Subpoenaed Non-Parties, who are Defendant PeakLogic's licensees, regarding the following: (1) communications regarding Plaintiff, this action, and the asserted patents; (2) agreements with Defendants PeakLogic, Inc. and Kevin T. Murphy, M.D. ("Defendants") and any payments made; (3) training materials and information received from Defendants for use in testing or treating patients and the PeakLogic TMS treatment method; (4) services provided to other clinics licensing the PeakLogic system; (5) treatment plans from Defendants for five patients who completed a full treatment plan of at least five treatments (and corresponding pre- and post-treatment EEGs), and the implementation or modification of those treatment plans; (6) marketing materials; and (7) summary or statistical information relating to use of Defendants' products and services (reports received from Defendants, outcome of treatments administered, conditions/disorders treated, and number of TMS devices maintained and treatments performed per device). (Joint Notice at 1-2.)

The subpoenas set forth a document production date of July 24, 2024, and deposition dates of July 29 and 30, 2024. (*Id.* at 2.) The Subpoenaed Non-Parties objected to the subpoenas on multiple bases, for example contending that the subpoenas created an undue

---

[1] The Joint Notice indicates that the subject subpoenas were issued in "early July 2024." (Joint Notice at 2.) In response to the Court's questioning at the discovery conference, Plaintiff clarified that the subpoenas were issued on July 9 and 10, 2024.

burden, and refused to produce any documents or appear for depositions. (*Id.* at 5-6.)[2] With respect to the burden, the Subpoenaed Non-Parties assert:

> [T]he expense to the Non-Parties to produce the requested patient information is enormous and would require many hours of rushed, collective effort on behalf of the Non-Parties, most of whom are small businesses and individual practices and who do not have the financial resources or support staff in place to undertake such an onerous task.

(*Id.* at 6.)

## II.   LEGAL STANDARDS

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The court . . . must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.* A person to whom a subpoena is issued may serve a written objection before the earlier of the time specified for compliance or fourteen days after the subpoena is served. *Id.* R. 45(d)(2)(B). When a court orders compliance with a subpoena over an objection, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *Id.* R. 45(d)(2)(B)(ii). Additionally, on timely motion, the court . . . must quash or modify a subpoena that[] fails to allow a reasonable time to comply[] . . . or . . . subjects a person to undue burden." *Id.* R. 45(d)(3)(A).

///

///

---

[2] Plaintiff served substantially similar document subpoenas on fifteen other PeakLogic licensees and a similar deposition subpoena on one other licensee, all domiciled in other jurisdictions, who are also represented by counsel for the Subpoenaed Non-Parties, Kublanovsky Law, LLC. Plaintiff and these similarly represented non-parties have agreed to abide by this Court's order on the instant dispute. (Joint Notice at 2 n.1.)

## III.   DISCUSSION

**A.   Depositions Commanded by the Subpoenas Will Not Be Permitted**

The scheduling order governing this case requires that all fact discovery be completed by August 9, 2024. (ECF No. 215.) "'Completed' means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that response thereto will be due on or before the cutoff date. All subpoenas issued for discovery must be returnable on or before the discovery cutoff date." (ECF No. 40 at 3.)

Here, the subject subpoenas were not issued until July 9 and 10, 2024, just one month before the close of fact discovery on August 9, 2024. Plaintiff has failed to provide an adequate explanation for why it waited until nearly the end of the discovery period to serve these subpoenas. Notably, according to their counsel, the Subpoenaed Non-Parties are physicians and/or other medical professionals with busy schedules, including summer vacations. Even though the subpoenas provided deposition dates of July 29 and 30, 2024, which were technically before the fact discovery cutoff, this was too short a time frame to be considered a "reasonable time" for the depositions of the Subpoenaed Non-Parties, as well as one additional licensee, to be completed by August 9, 2024.

Upon questioning from the Court, counsel for Plaintiff made clear that the depositions were set after the document production date called for in the subpoenas so that the potential depositions could address any perceived gaps that might exist in the document production. The Court finds that this process of both extensive document production in addition to follow-up depositions is a significant burden that reasonably required more than twenty-one days to accomplish. Under Rule 45, a subpoena must be quashed if it "fails to allow a reasonable time to comply[.]" Fed. R. Civ. P. 45(d)(3)(A)(i).

Accordingly, the Court hereby **QUASHES** the subpoenas to the extent that they seek deposition testimony.

///

B.  **Document Production Subject to Mandatory Cost-Shifting**

The Court has similar concerns about whether the subpoenas allowed the non-parties a reasonable amount of time to comply with the production of documents commanded by the subpoenas. In order to balance Plaintiff's stated need for the documents against the burden that complying with the subpoenas would impose, the Court finds that any document production must be subject to cost-shifting. "Rule 45(d) provides two related avenues by which a person subject to a subpoena may be protected from the costs of compliance: sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2)(B)(ii)." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013). "The latter provision applies to non-parties only, while the former applies to parties and non-parties alike." *Id.*

In *Legal Voice*, the Ninth Circuit evaluated the then-leading Court of Appeals decision analyzing the 1991 amendment to Rule 45(d)(2)(B)(ii), *Linder v. Calero–Portocarrero,* 251 F.3d 178 (D.C. Cir. 2001), which held that the amendment made cost-shifting mandatory in all instances in which a non-party incurs significant expense from compliance with a subpoena. *Legal Voice*, 738 F.3d at 1184.[3] The Ninth Circuit agreed with the *Linder* court's analysis of the amended rule and similarly held that Rule 45(d)(2)(B)(ii) requires the court to shift a non-party's costs of compliance with a subpoena if those costs are significant. *Id.* Therefore, "when discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party." *Id.* If it does, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'" *Id.* (citing *Linder*, 251 F.3d at 182).

Here, compliance with the subpoenas issued by Plaintiff would impose significant expense on the Subpoenaed Non-Parties. During the discovery conference, counsel for the

---

[3] "Unlike Rule 45(d)(2)(B)(ii), Rule 45(d)(1) is discretionary." *Legal Voice*, 738 F.3d at 1185. The Subpoenaed Non-Parties here have not requested sanctions under Rule 45(d)(1).

Subpoenaed Non-Parties estimated that it would take a minimum of twenty (20) hours for each of the seventeen (17) non-parties, at a conservative physician rate of $200.00 per hour, totaling $68,000.00 of client time, plus attorney's fees equal to or more than that amount, to comply with the document production commanded by the subpoenas. This amount is sufficient to shift the costs of complying with the subpoenas from the non-parties to Plaintiff. *See Legal Voice*, 738 F.3d at 1185 (concluding that $20,000.00 is "significant"); *see also Linder*, 251 F.3d at 182 (noting that $9,000.00 may be sufficiently significant to justify cost-shifting).[4]

## IV.   CONCLUSION

Based on the foregoing and as stated on the record during the Initial Discovery Dispute Conference, the Court will order compliance with the above-discussed subpoenas only if Plaintiff bears the Subpoenaed Non-Parties' costs, including attorney's fees, to do so. To that end, the Court **HEREBY ORDERS**:

1. Counsel for the Subpoenaed Non-Parties shall confer with their clients and provide a declaration to the parties in this case setting forth an updated accounting of the estimated costs of complying with the command to produce documents, going forward, by the close of business on <u>August 14, 2024</u>.[5]

2. Plaintiff shall advise whether it wishes to proceed with the document production commanded by its subpoenas, thereby paying the non-parties' costs of compliance, by the close of business on <u>August 16, 2024</u>. Plaintiff's response should be emailed to all counsel and copied to the Court.

///

---

[4] During the discovery conference, counsel for the Subpoenaed Non-Parties represented that his clients could readily produce the advertising and marketing materials sought by the subpoenas. The Court will accordingly require production of these materials within three weeks of the date of this Order.

[5] The Court will not shift the costs incurred by the Subpoenaed Non-Parties to date.

      3.      The Subpoenaed Non-Parties, and the other subpoenaed entities, shall produce the advertising and marketing materials sought by the subpoenas (without cost-shifting) by <u>September 3, 2024</u>.

      4.      Any production of patient records in response to the subpoenas must be made pursuant to the protective order entered in this matter and must redact any identifying and confidential patient information. Any other documents containing confidential or proprietary information must also be produced pursuant to the protective order.

      5.      The deadline for any further document production in compliance with the subpoenas, in accordance with the above, will be set for two to three weeks following Plaintiff's decision on whether it wishes to proceed with its subpoenas.

      6.      If Plaintiff declines to proceed with the document production subject to cost-shifting (i.e., all documents other than advertising and marketing materials), the Court will issue an order quashing those portions of the subpoenas.

**IT IS SO ORDERED.**

Dated: August 13, 2024

Hon. Steve B. Chu
United States Magistrate Judge